**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4506-19

TOWNSHIP OF IRVINGTON,
a municipal corporation of
New Jersey,

      Plaintiff-Respondent,

v.

SCHEDULE #87, BLOCK 285,
LOT 7, ASSESSED TO
SENAT, JORAINE,
763 LYONS AVENUE,
IRVINGTON, NEW JERSEY
07111,

      Defendant-Appellant.

_____

        Argued January 26, 2022 – Decided February 4, 2022

        Before Judges Gilson and Gummer.

        On appeal from the Superior Court of New Jersey, Chancery Division, Essex County, Docket No. F-012379-19.

        John O. Goins argued the cause for appellant (Goins & Goins, LLC, attorneys; Donald C. Goins, on the brief).

Keith A. Bonchi argued the cause for respondent (Goldenberg, Mackler, Sayegh, Mintz, Pfeffer, Bonchi & Gill, attorneys; Keith A. Bonchi, of counsel and on the brief; Elliot J. Almanza, on the brief).

PER CURIAM

In this tax-foreclosure case, defendant appeals an order denying her motion to vacate the February 3, 2020 final judgment by default entered in favor of plaintiff. We affirm the order substantially for the reasons set forth in Judge James R. Paganelli's comprehensive, written decision.

Generally, the decision to vacate a default judgment under Rule 4:50-1 "lies within the sound discretion of the trial court, guided by principles of equity." Romero v. Gold Star Distrib., LLC, 468 N.J. Super. 274, 293 (App. Div. 2021) (quoting Coryell, L.L.C. v. Curry, 391 N.J. Super. 72, 79 (App. Div. 2006)). "The trial court's judgment will be left undisturbed 'unless it represents a clear abuse of discretion.'" Ibid. (quoting Hous. Auth. of Morristown v. Little, 135 N.J. 274, 283 (1994)). "The [c]ourt finds an abuse of discretion when a decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" U.S. Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467 (2012) (quoting Iliadis v. Wal-Mart Stores, Inc., 191 N.J. 88, 123 (2007)).

On appeal, defendant argues the trial court erred in not vacating the final judgment pursuant to <u>Rule</u> 4:50-1(f), asserting exceptional circumstances existed and the equities in the case favor defendant. Judge Paganelli considered these issues, and we discern no abuse of discretion in his decision.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4506-19